An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCOS RAMOS HERNANDEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 61661



FILED

JUN 1 2 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of two counts of battery with a deadly weapon causing substantial bodily harm[1] and willfully endangering a child. Second Judicial District Court, Washoe County; Janet J. Berry, Judge.

First, appellant Marcos Ramos Hernandez contends that insufficient evidence was adduced to support the application of the gang enhancement for sentencing purposes. *See* NRS 193.168(4). Relying on *Origel-Candido v. State*, 114 Nev. 378, 956 P.2d 1378 (1998), Hernandez claims that the State failed to prove that Brown Pride Loco (BPL) is a gang, *see* NRS 193.168(8), and that he "committed a felony for the benefit of, at the direction of, or in affiliation with, a criminal gang, with the specific intent to promote, further or assist the activities of the criminal gang," NRS 193.168(1). We disagree and conclude that the evidence, when viewed in the light most favorable to the State, is sufficient to establish

---

[1]As charged in the second amended criminal information, the jury found that Hernandez committed the battery offenses to promote the activities of a criminal gang. *See* NRS 193.168(1).

13-17299

guilt beyond a reasonable doubt as determined by a rational trier of fact. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Mitchell v. State*, 124 Nev. 807, 816, 192 P.3d 721, 727 (2008).

Officer Patrick Blas of the Reno Police Department's Regional Gang Unit was called by the State to discuss his knowledge of the BPL gang. *See* NRS 193.168(7). Unlike the brief, conclusory testimony disapproved of by this court in *Origel-Candido*, 114 Nev. at 382-83, 956 P.2d at 1381, Officer Blas testified in detail about the inner workings of the gang. Officer Blas testified that at the time of Hernandez's trial, there were 47 documented members and associates of the BPL gang. Officer Blas discussed the initiation procedures, which included "jumping in," where a recruit "will take a beat down" for any number of seconds or minutes by members of the gang "to show his loyalty and allegiance." Officer Blas also discussed "putting in work" as a form of initiation, where to prove loyalty, recruits will commit "various crimes, drive by shootings, getting involved in fights," in order to promote themselves and demonstrate "that they would commit these crimes on behalf of the gang and take the fall or do whatever it took." BPL members "use various different identifiers and symbols," such as monikers, "[t]attoos, clothing, graffiti," in order to "let everyone know what their turf is, their geographical location, who they are and what gang they are." Officer Blas addressed the BPL's history and place within the larger, organized Sureño gang umbrella and identified several of their rival gangs.

Among other things, Officer Blas testified about one particularly relevant aspect of the BPL code of conduct: how a younger member must "do without question" anything a senior member demands, including "backing up" and defending the senior member. Officer Blas

stated that there is "a system in place" for a violation of the code, specifically, physical punishment, "[m]ost commonly some kind of beat up. . . . It could be a stabbing. It could even be worse." Officer Blas testified that "every contact that I have ever had and the gang unit has ever had with Brown Pride involves some type of investigatory stop or some type of investigation into a crime," ranging "from shootings, theft, destruction of property, graffiti, your batteries, fights, assaults, extortion, drugs, drug possession, drugs sales." Officer Blas stated that although active members come and go, BPL "[a]s an organization itself with respect to being a street gang, they are doing . . . all the crimes and everything they should be doing in order to maintain their name and maintain their status on the street."

Additional trial testimony indicated that Hernandez, responding to his gang moniker of "Danger," responded to a call for back-up from a senior member of the BPL gang engaged in a fight, and hurled two bricks, striking two individuals, one in the head and the other in the face, causing substantial bodily harm. One of the victims was holding the hand of a two-year-old child when she was struck with the brick. While we recognize that the statements of counsel do not constitute evidence, we note that Hernandez conceded in his opening statement that he was a gang member.

Circumstantial evidence alone may sustain a conviction. *Buchanan v. State*, 119 Nev. 201, 217, 69 P.3d 694, 705 (2003). It is for the jury to determine the weight and credibility to give conflicting testimony, *McNair v. State*, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992), and a jury's verdict will not be disturbed on appeal where, as here, sufficient evidence supports the verdict and application of the gang enhancement for

sentencing purposes, *Bolden v. State*, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); *see also* NRS 193.168(1), (8); NRS 200.481(2)(e)(2); NRS 200.508(1)(b). Therefore, we conclude that Hernandez's contention is without merit.

Second, Hernandez contends that the district court erred by imposing multiple sentence enhancements pursuant to NRS 200.481(2)(e)(2) (stating the penalty for battery with the use of a deadly weapon resulting in substantial bodily harm) and NRS 193.168(1) (gang enhancement). "[W]e review questions of statutory interpretation de novo." *State v. Lucero*, 127 Nev. ___, ___, 249 P.3d 1226, 1228 (2011). Here, the use of a deadly weapon causing substantial bodily harm was an element of the crime charged and did not serve as a sentence enhancement. *See* NRS 193.165(4) (the deadly weapon enhancement does "not apply where the use of a firearm, other deadly weapon or tear gas is a necessary element of such crime"). Therefore, we conclude that Hernandez only received the gang enhancement at sentencing and his contention is without merit. Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Janet J. Berry, District Judge
       Laub & Laub
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk